KITTLEWELL ET AL. *against* SCULL.

*ERROR to Jefferson Circuit Court.*

In a suit by an assignee, on an assigned note or bond, against the maker or obligor, it is not necessary to be stated that he sues "as assignee." The rule as to executors and others suing in a representative or official character, does not apply.

If the declaration shows the execution of the note or obligation, and its assignment, with sufficient certainty, it is all that is required.

Where the record shows that oyer was craved, but does not show that it was granted, no question as to variance between the declaration and note can arise in this Court. A statement of the Clerk, in the transcript, that the original note was filed, but is not among the papers, is a mere private memorandum, and no part of the record.

Where the Court below overrules a motion to dismiss for want of a bond for costs, unless the record shows that the plaintiff was a non-resident, the decision of the Court below cannot be impugned.

The objection that there is no bond for costs, is matter in abatement, whether presented by plea or motion, and cannot be interposed after a plea in bar.

This was an action of debt. The declaration commenced, "John Kittlewell and William Boggs, partners, &c., complain of Hewes Scull." It then averred the making of a certain note, by Scull, to Richard C. Byrd, and its assignment by Byrd to them, with a breach that neither the debt nor interest had been paid to Byrd before the assignment, nor to the plaintiffs afterwards. In the Court below, at the return term, DORRISS, for defendant, moved to dismiss, for want of a bond for costs. The record simply states that he made the motion, and that it was overruled. He then craved oyer, which is stated by the record to have been granted; but the instrument was not made a part of the record, nor even left among the papers. He then demurrred, on the grounds, 1st, That the plaintiffs did not set out with sufficient certainty the character in which they sued; 2d, Variance—the declaration alleging the assignment to have been by Richard C. Byrd, while the signature on the note was "R. C. Byrd;" and 3d, That the breach did not correspond with the commencement of the declaration. The demurrer was sustained, and judgment went against the plaintiffs upon it.

TRAPNALL and COCKE, for the plaintiff:

The only question presented by the assignment of errors in this case, is, whether the demurrer to the declaration was properly sustained.

We understand the objection urged to the declaration in the Circuit Court, upon the first cause assigned for demurrer, was, that the plaintiffs had failed to aver that they sued *as assignees.* And this objection was made upon a supposed analogy between the case of an assignee and that of an executor or administrator.

We admit, when an executor or administrator sues for a cause of action that could only have accrued to him in right of his testator or intestate, he must show forth his representative character, by averring that he sues as executor or as administrator. But it is not so with an assignee. He does not sue in a fiduciary or representative character; he sues in his own right; and when he sets forth, in the body of the declaration, an assignment showing the legal interest to be in himself, he has sufficiently established his right to sue.

Nor is it a variance, as is supposed, that the declaration has stated the assignment to have been made by Richard C. Byrd, when the note was in fact endorsed by R. C. Byrd. The only effect of this mode of averring would be, to put the plaintiff to prove, on the trial, that the endorsement was actually made by Richard C. Byrd, and that he was in the habit of signing his name R. C. Byrd. The note would then have been proper testimony in support of the averment. In *Wood vs. Buckley,* 13 *J. R.,* 486, a note signed " Christ. Buckley" was held to prove an averment of a note made by Christopher Buckley, it being proved that the defendant usually abbreviated his name in that manner.

The last cause assigned for demurrer is even more frivolous than the two we have already disposed of. That the breach must correspond with the commencement of the declaration, is certainly a novel idea to us; and we venture to assert, no one authority can be produced in support of it. The rule upon this subject is, that the breach must be co-extensive with the contract. In the declaration in this case, it was so, and is therefore sufficient.

PIKE, *Contra:*

DICKINSON, J., delivered the opinion of the court:

It cannot be contended that the rules governing actions brought by executors, administrators, or guardians, are applicable to the case before us. They sue in their representative character and capacity, and not in their own right, or for their own individual benefit. At common law, an assignee could not maintain an action in his own name; and it was to remedy this inconvenience, that our statute was enacted, authorizing the assignment of bills, bonds, and notes, and the bringing of the suit in the name of the assignee on the original obligation. And the assignee stands precisely in the same relation to the obligor after assignment, as the assignor did before the transfer was made. The legal as well as equitable interest passes by assignment and delivery, and the assignee acquires the right of action thereby, and is fully authorized to commence and prosecute the suit in his own name.

If the note or obligation, and the assignment or endorsement are set out with sufficient certainty, it is all that the statute requires. It is clear to us that the declaration does state all the facts necessary to show that the plaintiffs sue as assignees of Byrd, and that the assignment was regularly made and executed. The averment, "as assignees," either preceding the statement of the cause of action, or in the conclusion of the declaration is unnecessary.

There can be no good objection to the breach, for it is sufficiently formal, and contains all that is essential to a recovery. Nor can the mode or manner in which the assignment was made, be the subject of inquiry; for although oyer was craved, it does not appear to have been granted, and we are bound to presume that the assignment was correctly set out in the declaration. The statement of the Clerk, that the original note was filed, and not now among the papers, and that consequently no copy can be given in the transcript, is but a private memorandum of that officer, and, forming no part of the record, cannot be considered by this Court. The declaration, and the allegations and averments therein, exhibit a legal cause of action, sufficient to entitle the plaintiffs to a recovery. A motion was made, in

Kittlewell et al. *against* Scull.

the Court below, to dismiss the suit, for want of a sufficient bond for costs. The fact that the plaintiffs were non-residents when the suit was commenced, is not presented by the record, and therefore, in accordance with the principle laid down in the case of *Clark vs. Gibson*, 2 *Ark. Rep.*, 113, we are bound to presume that the decision of the Circuit Court was correct. And it has repeatedly been ruled in this Court, that as the defence, being to the personal disability of the plaintiffs to sue, is the same whether interposed by motion or by a formal plea in abatement, it must be presented in proper order and in due time, according to the established rules of pleading, and will not be entertained after a plea in bar has been filed. The whole facts of the case, as presented by the record, are, in our opinion, sufficient to entitle the plaintiffs to a recovery, and are pleaded in the declaration with sufficient certainty; and the Court below erred in sustaining the demurrer to the plaintiff's declaration.

The judgment of the Circuit Court must therefore be reversed, with costs.